IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION


U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
DEC 3 1 2019
CLERK, U.S. DISTRICT COURT
By_____
    Deputy

| | | |
|---|---|---|
| DARA SCOTT, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 4:19-CV-688-A |
| | § | |
| AMERICAN AIRLINES, INC., | § | |
| ET AL., | § | |
| | § | |
| Defendants. | § | |

MEMORANDUM OPINION AND ORDER

Came on for consideration the first amended motion of defendants, American Airlines, Inc. ("American"), and British Airways PLC d/b/a Iberia Airlines ("Iberia"), to dismiss. Plaintiff, Dara Scott, has failed to respond to the motion, which is ripe for ruling.[1] The court, having considered the motion, the record, and applicable authorities, finds that the motion should be granted.

I.

Plaintiff's Claims

On May 17, 2019, plaintiff filed her original petition in the District Court of Tarrant County, Texas, 236th Judicial

---

[1] Due to the inability of plaintiff's attorneys to comply with the applicable rules and the court's orders, plaintiff is now proceeding pro se. The court caused to be sent to her copies of the pending motion, brief in support, and appendix, along with the undersigned's standing order, and granted her an extension of time in which to file her response. The court has had no further communication from plaintiff.

District. Doc.² 1. On September 3, 2019, American filed its notice of removal, bringing the action before this court. Id. Defendants filed a motion to dismiss, giving plaintiff notice of the deficiencies of her pleading. Doc. 7. By order signed October 4, 2019, the court ordered plaintiff to file an amended pleading in keeping with the requirements of the Federal Rules of Civil Procedure, the Local Civil Rules of this court, and the judge-specific requirements of the undersigned. Doc. 11.

On October 22, 2019, plaintiff filed her amended complaint, which is the operative pleading. Doc. 14. In it, she alleges that, on May 19, 2017, plaintiff was sexually assaulted by another passenger while traveling from New York City to Paris, France, on an Iberia flight operated by American. Plaintiff sues American for negligence and Iberia under a theory of vicarious liability.

II.

Grounds of the Motion

Defendants assert three grounds in support of their amended motion. First, plaintiff lacks standing to pursue her claims. Second, plaintiff is judicially estopped from asserting her claims. And, third, plaintiff's claims are preempted by the Montreal Convention, an international treaty that exclusively

---

²The "Doc.___" reference is to the number of the item on the docket in this action.

governs the liability of air carriers for personal injuries to passengers on international flights. Doc. 23.

III.

Standards of Review

Dismissal of a case is proper under Rule 12(b)(1) of the Federal Rules of Civil Procedure when the court lacks the statutory or constitutional power to adjudicate the case. <u>Home Builders Ass'n of Miss., Inc. v. City of Madison, Miss.</u>, 143 F.3d 1006, 1010 (5th Cir. 1998). When considering a motion to dismiss for lack of subject matter jurisdiction, the court construes the allegations of the complaint favorably to the pleader. <u>Spector v. L Q Motor Inns, Inc.</u>, 517 F.2d 278, 281 (5th Cir. 1975). However, the court is not limited to a consideration of the allegations of the complaint in deciding whether subject matter jurisdiction exists. <u>Williamson v. Tucker</u>, 645 F.2d 404, 413 (5th Cir. 1981). The court may consider conflicting evidence and decide for itself the factual issues that determine jurisdiction. <u>Id.</u> Because of the limited nature of federal court jurisdiction, there is a presumption against its existence. See <u>Owen Equip. & Erection Co. v. Kroger</u>, 437 U.S. 365, 374 (1978); <u>McNutt v. General Motors Acceptance Corp. of Ind., Inc.</u>, 298 U.S. 178, 189 (1936). A party who seeks to invoke federal court jurisdiction has the burden to demonstrate that subject matter jurisdiction exists.

McNutt, 298 U.S. at 189; Ramming v. United States, 281 F.3d 158, 161 (5th Cir. 2001).

Where a defense appears on the face of the pleadings and in judicially noticeable facts, it may be considered on motion to dismiss. Judicial estoppel is such a defense. United States ex rel. Long v. GSD & M Idea City, L.L.C., 798 F.3d 265, 275 (5th Cir. 2015).

IV.

Analysis

Defendants maintain that plaintiff lacks standing to pursue her claims because she failed to disclose them when she and her husband filed a voluntary petition for relief under Chapter 13 of the United States Bankruptcy Code.[3] That filing was made on September 20, 2017, four months after the alleged assault. Doc. 25 at App. 003-015. Plaintiff did not list any claim against either defendant in her bankruptcy schedules. Id. App. 016-064. Rather, she answered "no" to the question asking her to value claims against third parties, "whether or not you have filed a lawsuit or made a demand for payment." Id. App. 020. On November 2, 2018, plaintiff voluntarily converted her case to a Chapter 7 proceeding. Id. App. 066. She filed amended schedules, but again

---

[3]Bankruptcy filings are matters of public record of which the court may take judicial notice. Johnson v. Deutsche Bank Nat'l Trust Co., No. 3:12-CV-3542-L, 2013 WL 3810715, at *5 (N.D. Tex. July 23, 2013).

4

failed to identify any claim against either defendant. Id. App. 072-082. She did identify "Allstate Bodily Injury Liability" as other property, giving a value of $30,000.00. Id. App. 080. On February 12, 2019, plaintiff received a discharge under Chapter 7 of the Bankruptcy Code. Id. App. 083. The case was closed by order dated April 4, 2019, and the Chapter 7 trustee was discharged. Id. App. 085.

Under the United States Bankruptcy Code, a debtor's assets, including causes of action belonging to the debtor at the commencement of the case, vest in the bankruptcy estate upon the filing of the bankruptcy petition. Kane v. Nat'l Union Fire Ins. Co., 535 F.3d 380, 385 (5th Cir. 2008). The trustee, as representative of the bankruptcy estate, is the real party in interest and is the only party with standing to pursue causes of action after the filing of the petition. Id. And, at the conclusion of the case, property of the estate that is not abandoned or administered-such as claims that were never scheduled-remains property of the estate. Id. Thus, as here, where a plaintiff has failed to disclose claims in a bankruptcy proceeding, the plaintiff cannot later pursue them and dismissal pursuant to Fed. R. Civ. P. 12(b)(1) is appropriate. See, e.g., DeForest v. Bank of New York Mellon, No. 3:17-CV-01504-VAB, 2018 WL 4078275, at *7 (D. Conn. Aug. 27, 2018); Romeo v. FMA

5

Alliance, Ltd., No. 15-CV-6524 (ADS)(ARL), 2016 WL 3647868, at *11 (E.D.N.Y. June 30, 2016); Dalley v. Mitchell Rubenstein & Assocs., P.C., 172 F. Supp. 3d 6, 15 (D.D.C. 2016).

Defendants further point out that dismissal is appropriate under the theory of judicial estoppel, which is recognized by the Fifth Circuit as particularly appropriate where a party fails to disclose an asset in a bankruptcy proceeding, then pursues that claim in a separate tribunal based on that undisclosed asset. Reed v. City of Arlington, 650 F.3d 571, 574 (5th Cir. 2011); Jethroe v. Omnova Solutions, Inc., 412 F.3d 598, 600 (5th Cir. 2005). The elements of judicial estoppel are: (1) the party against whom judicial estoppel is sought has asserted a legal position that is plainly inconsistent with a prior position; (2) a court accepted the prior position; and (3) the party did not act inadvertently. Reed, 650 F.3d at 574. Here, plaintiff had a duty to disclose her personal injury claim to the bankruptcy court and failed to do so, impliedly representing that she had no such claim. Allen v. C & H Distributors, L.L.C., 813 F.3d 566, 572 (5th Cir. 2015). Plaintiff obtained an order of discharge, having failed to disclose the claim, thus satisfying the second element. Id. at 573; Andrade v. Countrywide KB Home Loans, No. 3:14-CV-3969-K, 2015 WL 5164812, at *10 (N.D. Tex. Sept. 1, 2015)(bankruptcy court adopts debtor's position when it issues a

discharge). And, the record reflects that plaintiff did not act inadvertently, meaning that she either lacked knowledge of the undisclosed claim or had no motive for its concealment. In re Superior Crewboats, Inc., 374 F.3d 330, 335 (5th Cir. 2004). See Fornesa v. Fifth Third Mortgage Co., 897 F.3d 624, 627-28 (5th Cir. 2018)(motive to conceal exists where debtor has potential to financially benefit from the nondisclosure to creditors); United States ex rel. Long v. GSD & M Idea City, L.L.C., 798 F.3d 265, 273 (5th Cir. 2015)(to show lack of knowledge of claim, debtor must show that she was unaware of the facts giving rise to the claim).

Finally, defendants argue that plaintiff's claims are preempted by the Montreal Convention. White v. Emirates Airlines, Inc., 493 F. App'x 526, 529 (5th Cir. 2012); Bassam v. American Airlines, 287 F. App'x 309, 312 (5th Cir. 2008). The court agrees. The preemptive effect of the Montreal Convention extends to all causes of action, regardless of whether the claim could actually be maintained thereunder. Mbaba v. Societe Air France, 457 F.3d 496, 500 (5th Cir. 2006). Because plaintiff's alleged injury occurred while she was a passenger on board an international flight, her claims are preempted.

7

V.

<u>Order</u>

The court ORDERS that defendants' amended motion to dismiss be, and is hereby, granted, and that plaintiff's claims be, and are hereby, dismissed with prejudice.

SIGNED December 31, 2019.

JOHN McBRYDE
United States District Judge